COUNTY OF MAUI, Plaintiff-Appellant, *v.* PUAMANA MANAGEMENT CORPORATION, a Hawaii corporation, and PUAMANA COMMUNITY ASSOCIATION, a non-profit corporation, JOHN DOES 1-10, DOE PARTNERSHIPS 1-10, and DOE CORPORATIONS 1-10, Defendants-Appellees

NO. 7193

CIVIL NO. 3474

AUGUST 10, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the County of Maui from an order in the nature of a declaratory judgment and injunction entered below. The order was entered pursuant to the granting of appellant's motion for summary judgment and denying the motion for summary judgment of Appellee Puamana Management Corporation. Appellant contends that the injunctive relief was not wide enough in scope. We affirm.

As we understand the questions presented and the statement of points relied upon, appellant is contending that pursuant to the provisions of §§ 8-1.4 and 8-2.3 of the Permanent Ordinances of the County of Maui 1971, the court should have enjoined Appellee Management Corporation from "activities including, but not limited to" the collective and continuous rental at Puamana, a planned unit development in a residential district, of single-family dwelling units to transients for a minimum period of one week, coupled with the provision of maid, housekeeping and other services to such transient guests.

Appellant also contends that the court should have enjoined Appellee Puamana Community Association from authorizing Appellee Management Corporation to conduct the activities complained of "at the planned development". With respect to this latter point, since the order below required the Management Corporation to move its offices and registration activities off of the premises of the planned unit development, we assume what appellant is saying is that the Association should not have permitted the Management Corporation to continue to rent units at the Puamana Planned Unit Development in the manner complained of — that is, collective and continuous rental to transients, etc.

The Puamana project is located in Lahaina, Maui in a residential district and is composed of single-family residential units with common facilities. It was developed as a planned unit development under § 8-1.17 of the Maui Zoning Code. Appellee Puamana Community Association was the record holder of the fee simple interest in the units and owned, controlled or maintained the development. Appellee Puamana Management Corporation, acting as agent for a

substantial number of the owners of units within the development, rented out units for periods of one week or in excess thereof. It maintained a reservation and frontdesk office in the clubhouse, provided maid and bellhop services to the units, operated a commercial laundry on the premises, advertised the premises for rent in travel magazines and billed and collected the monies for the rentals.

Appellant brought an action for declaratory and injunctive relief against the Association and Management and John Does, who presumably were unit owners. The unit owners, however, were never identified or made parties to the proceeding. The contention was that under the provisions of §§ 8-1.4, 8-2.1 and 8-2.2 of the Maui Zoning Code, appellees were illegally operating a hotel in a residential district. Appellant moved for summary judgment and Appellee Management filed a counter motion. The counter motion was denied and appellant's motion was granted. In the course of the argument over the form of decree, the appellees raised certain questions as to what could and could not be done upon the premises and the court below, attempting to comply with Rule 65(d), Hawaii Rules of Civil Procedure (HRCP), entered its order specifically stating what could and could not be done on the premises. The court specifically enjoined Puamana Management Corporation from operating a reservations desk, a maid or laundry services on the premises at Puamana but specifically allowed the operation of a reservation desk, of washer and dryer services and domestic help services for property owners renting their units if those operations were based outside of the Puamana Planned Development.

An order complying with appellant's contention that Management's "activities, including but not limited to" certain specified actions should be enjoined would clearly have violated Rule 65(d), HRCP.

Apparently, appellant had tendered a form of order which was to its liking after the court had orally indicated it would grant it summary judgment. Objections to that form of order from the appellees appear in the record but the appellant's proposed form of order, itself, does not. In appellant's reply brief, it suggests that the order should have read:

> The Appellee is hereby permanently restrained and enjoined from renting any unit in the Puamana Planned Development to a person or persons unless said person or persons manifests the

intent to make said unit their permanent residence, dwelling, abode and home.

From this, it would appear that appellant's position is that unless the renter of a unit in a residential area manifests an intent to make that unit his permanent home, the act of renting to him violates the ordinance. That position is, on its face, absurd. Nevertheless, while appellant has grotesquely overstated its position, it is representing the public and the matter is one of considerable public interest. We therefore examine the record to see whether within the context of the statement of points relied upon, the court below should have granted broader relief to appellant.

The pertinent provisions of the ordinance are as follows: Section 8-1.4 states

*Residential Districts.*

(a) *Description and purpose.* Areas for single-family dwellings are established to provide for harmonious residential neighborhood without the detraction of commercial and industrial activities.

(b) *Permitted uses:*

*(1) Single family dwellings.*

. . . .

In § 8-1.2 of the ordinance, a *dwelling* is defined as:

A building or portion thereof designed exclusively for residential occupancy but not including hotels, tenements, boarding or lodging houses as defined herein.

A *dwelling unit* is defined as:

Any building or any portion thereof which is designed or intended for occupancy by one family or persons living together or by a person living alone and providing complete living facilities within the unit for sleeping, recreation, eating, sanitary and laundering facilities, including installed equipment for only one kitchen.

A *dwelling, single family* is defined as:

A building consisting of only one dwelling unit designed for or occupied exclusively by one family.

A *hotel* is defined as:

A building designed for occupancy as the more or less temporary abiding place of transient individuals who are lodged with or

without meals, in which there are more than twenty (20) guest rooms, which rooms may be equipped with cooking facilities.

And a *motel* is defined as:

A group of attached or detached buildings containing dwelling units or apartments, designed for or used temporarily by automobile tourists or transients, with garages attached or parking space conveniently located to each unit, including auto court, tourist court or motor lodge.

Appellant's position appears to be that the collective and continuous rental of single-family dwelling units to transients for minimum periods of seven days, coupled with the provision for maid and housekeeping services is a hotel usage and violates the ordinance. In dealing with the question of what is a hotel under the ordinance, we think the rules of construction are clear. As has been said in a similar situation:

Zoning laws, whether statutes or ordinances, inasmuch as they curtail and limit uses of real estate and are in derogation of the common law must be given strict construction and the provisions thereof may not be extended by implication. . . . Nevertheless, they should be read according to the natural and most obvious import of the language when there is no manifest legislative intent contrarywise. . . . Where the ordinance does not define the word "hotel," we must presume that the legislative body . . . intended that the word should be construed according to its common acceptance.

*Moyer v. Board of Zoning Appeals,* 233 A.2d 311, 28 A.L.R.3d 1228 (Me. 1967). An annotation on the meaning of the term "hotel" as used in zoning ordinances appears at 28 A.L.R.3d 1240 et seq. Unfortunately, it is not particularly helpful.

Here, the ordinance does define "hotel" but the definition is obviously aimed at the design of the structure rather than the usage. Clearly, the units in question do not fall within the definition of hotel in the ordinance because it is obvious from the pleadings that Puamana does not consist of a single building. (The ordinance definition of a "hotel" is restricted to "a building" in contradistinction, for example, to the definition of a "motel" which is "A group of attached or detached buildings".)

There is no definition of hotel usage in the ordinance and it is hotel usage that this case is all about.

If we go back to the traditional common law definition of the terms inn or hotel, one of those definitions is

a place where all who come are received as guests without any previous agreement as to the duration of their stay or as to the terms of their entertainment.

40 AM. JUR.2d, HOTELS, MOTELS, ETC. § 2, page 900 (1968). The usage complained of would not meet this definition since the agreed facts stipulate that the minimum stay permitted was one week.

Since the case was tried, the legislature of this State has passed Act 186 of the Sessions Laws of 1980 authorizing the several counties by amendment of their zoning ordinances to limit the location of time-share units, time-share plans and other transient vacation rentals.[1] In that connection, it was noted in the Conference Committee Report on Senate Bill 1516:

This mandate will be particularly helpful in efforts to clarify hotel, resort and transient vacation rental areas. The counties do not presently zone for the less traditional forms of transient visitor accommodations, and should address this in the near future.

(1980 Senate Journal, page 942; 1980 House Journal, page 1091.)

We think that the Conference Committee Report gets to the meat of the coconut. The ordinance in question was not drafted in terms adequate to meet the type of situation which would be existing once Appellee Puamana Management moved its operations off of the Puamana premises.

We think the operation of a reservations desk and the other paraphernalia of a hotel on the premises in question, from a common sense point of view, constituted a hotel operation. Whether that operation as such was a violation of the ordinance, we do not have to decide because the court below enjoined that operation and no one is complaining of that injunction.

As to what type of operation has been carried on after Appellee Management moved from the premises, we do not know from the record.

---

[1] However, the "grandfathering" under Section 5 of Act 186 applies only to that section not to subsequent ordinances passed under Section 4.

We are unwilling to hold, as appellant urges, that the continuous and collective rental of units for a period of one week or longer with provisions for maid and housekeeping services violates the residential zoning of the premises in question under the ordinance as drawn. Like the court below, we are unwilling to say that an individual apartment owner could not so use his property and see no real difference between one apartment owner so using his property and a number of apartment owners banding together collectively to so use their properties. The question of where to draw the line with respect to the number of units involved, the length of stay, the services furnished, etc., is an appropriate subject for legislative, not judicial determination.

If the County of Maui wishes to redefine the terms in its ordinance so as to prohibit certain usage, it has the power to do so under Act 186, S.L. 1980. We suggest that its remedy is in its own legislative body and not in the courts.

Affirmed.

*James Takayesu (David Nakamura* and *Paul R. Mancini* on the briefs), Deputy Corporation Counsel, for appellant.

*Antonio V. Ramil (Meyer M. Ueoka* on the brief, *Ueoka & Luna* of counsel) for appellee Puamana Management Corporation.